# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

TERRY BROWN,        )
               )
  Petitioner,       )
               )
v.             )   Case No. CV407-148
               )
CALVIN MORTON, Warden,    )
D. Ray James Correctional Facility; and  )
JAMES DONALD, Commissioner of   )
the Georgia Department of Corrections,  )
               )
  Respondents.      )

## REPORT AND RECOMMENDATION

Petitioner, a Georgia state prisoner currently incarcerated at D. Ray James Correctional Facility in Folkston, Georgia, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. In his petition, he alleges that his pre-trial and trial proceedings were rife with violations of his rights under federal law. The respondents dispute the allegations in the petition and have moved the Court to dismiss the complaint for being untimely filed. Doc. 6. For the reasons explained below, the petition should be **DENIED**.

## II.   PROCEDURAL HISTORY

On June 28, 2001, petitioner was indicted by a Chatham County grand jury for rape, aggravated child molestation, aggravated sexual battery, possession of a firearm by a convicted felon, and aggravated assault. Doc. 1 at 1. Petitioner appeared for a jury trial on June 21, 2001. Doc. 7 Ex. 3 at 2. On June 22, 2001, however, he elected to enter a plea of guilty to child molestation, and the remaining counts were dismissed by an order *nolle prosequi*. Id. The trial court accepted the plea, and on June 28, 2001, petitioner was sentenced to a fifteen-year "split" sentence, serving ten years in prison and five on probation. Doc. 6 at 1. He did not appeal his conviction. Doc. 7 Ex. 3 at 2. Brown filed a petition for a writ of habeas corpus in state court on February 17, 2006. Id. That petition was denied on March 30, 2007, and the Supreme Court of Georgia denied his application for a certificate of probable cause to appeal the state habeas court decision on September 10, 2007. Doc. 1 at 3.

## III.  LEGAL ANALYSIS

The timeliness of a § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which established a one-year statute of limitations for habeas corpus petitions filed by state prisoners.  See 28 U.S.C. § 2244(d).  One of the four occurrences listed in § 2244(d)(1) that is sufficient to start the limitations period is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Id. § 2244(d)(1)(A). In Georgia, "a notice of appeal shall be filed within 30 days after entry of appealable decision or judgment complained of."  O.C.G.A. § 5-6-38.  In other words, the time for seeking direct review expires thirty days after the entry of judgment.  Accordingly, petitioner's one-year limitation period began on July 30, 2001, thirty days after his June 28, 2001 conviction.[1]  Petitioner waited more than six years after the judgment became final to file this § 2254 petition.

Petitioner filed a state habeas action on February 17, 2006.  Doc. 7 Ex. 3 at 2.  While the filing of a state habeas action tolls the one-year

---

[1]The thirtieth day after the conviction fell on a Saturday.  Accordingly, petitioner had until the following Monday to appeal.  Doc. 6 at 5.

limitations period, 28 U.S.C. § 2244(d)(2), it does not serve to reset a limitations period that has already expired. <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state habeas petition filed after the AEDPA limitations period has expired cannot toll the statute of limitations because there is no time left to toll). As the entire one-year limitations period had elapsed before petitioner filed his state habeas action, the tolling provision found in § 2244(d)(2) never came into play. Therefore, the § 2254 petition for a writ of habeas corpus should be **DENIED** as untimely.

**SO REPORTED AND RECOMMENDED** this 26TH day of November, 2007.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA